## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| **DENNIS THOMPSON,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | )   **Case No. 4:23CV246 HEA** |
| | ) |
| **REPLACEMENTS, LTD,** | ) |
| | ) |
| **Defendant.** | ) |

## <u>OPINION, MEMORANDUM AND ORDER</u>

This matter is before the Court on Defendant's Motion to Dismiss Plaintiff's

First Amended Class Action Complaint [Doc. No. 23]. Plaintiff opposes the

motion. For the following reasons, Defendant's motion shall be granted.

### Facts and Background

Plaintiff's First Amended Class Action Complaint ("FAC") asserts

Defendant violated the federal Telephone Consumer Protection Act ("TCPA") 47

U.S.C. § 227 *et seq*. Plaintiff has alleged violations in two counts. Count I claims a

violation of the TCPA by sending text messages during a time when Plaintiff's cell

phone number was registered with the Federal Do Not Call Registry and the

Missouri Do Not Call Registry. The Count I alleges Defendant sent text messages

for several years advertising goods and services. He claims he

purportedly agreed to receive text messages from Defendant, but this
agreement did not satisfy the requirements of 47 C.F.R. § 67.1200©(2)(ii)

because this purported agreement was not signed and did not include the telephone number to which call or messages could be sent and because the purported agreement did not satisfy the requirements of 47 C.F.R. § 67.1200(f)(9) because the agreement was not signed and did not have a clear and conspicuous disclosure that "The person is not required to sign the agreement (directly or indirectly), or agree to enter into such an agreement as a condition of purchasing any property, goods, or services."

In count two, Plaintiff alleges Defendant violated the TCPA in that Defendant "failed to train and inform its personnel engaged in any aspect of telemarketing of the existence and use of the do-not-call list"; "failed to institute procedures for maintaining a list of persons who request not to be called"; "failed to access the Federal Do Not Call register and database ... every three months as required by the regulations of the Federal Communications Commission.

Plaintiff seeks to represent a proposed Class of people who received advertising texts from Defendant and who did not consent to receive such text messages as required by applicable law.

## Legal Standard

For a claim to survive a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When ruling on a Rule 12(b)(6) motion to dismiss, the Court must accept as true all of the factual allegations in the

complaint, but it need not accept the legal conclusions. *Iqbal*, 556 U.S. at 678. The

Court must make "all reasonable inferences in favor of the nonmoving party."

*Usenko v. MEMC LLC*, 926 F.3d 468, 472 (8th Cir. 2019). Additionally, "Where

the allegations show on the face of the complaint there is some insuperable bar to

relief, dismissal under Rule 12(b)(6) is appropriate." *Benton v. Merrill Lynch &*

*Co.*, 524 F.3d 866, 870 (8th Cir. 2008) (citing *Parnes v. Gateway 2000, Inc.*, 122

F.3d 539, 546 (8th Cir. 1997)).

Courts assess "plausibility" by " 'draw[ing] on [our own] judicial experience

and common sense.' " *Whitney v. Guys, Inc.*, 700 F.3d 1118, 1128 (8th Cir. 2012)

(quoting *Iqbal*, 556 U.S. at 679, 129 S. Ct. 1937). Courts "review the plausibility

of the plaintiff's claim as a whole, not the plausibility of each individual

allegation." *Id.* (citation omitted).

In deciding a motion brought pursuant to Rule 12(b)(6), the court may

consider certain materials outside the pleadings, including (a) "the materials that

are 'necessarily embraced by the pleadings and exhibits attached to the

complaint,'" *Whitney*, 700 F.3d at 1128 (quoting *Mattes v. ABC Plastics, Inc.*, 323

F.3d 695, 697 n.4 (8th Cir. 2003)), and (b) " 'materials that are part of the public

record or do not contradict the complaint.' " *Miller v. Redwood Toxicology Lab.,*

*Inc.*, 688 F.3d 928, 931 (8th Cir. 2012) (quoting *Porous Media Corp. v. Pall Corp.*,

186 F.3d 1077, 1079 (8th Cir. 1999)). Thus, the court may "consider 'matters

incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint whose authenticity is unquestioned;' without converting the motion into one for summary judgment." *Miller*, 688 F.3d at 931 n.3 (quoting 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1357 (3d ed. 2004)). *Harper v. Karberg*, No. C22-64-LTS-KEM, 2024 WL 1198483, at *1–2 (N.D. Iowa Mar. 20, 2024).

## Discussion

Under 47 C.F.R. § 64.1200(c)(2), no person or entity may "initiate any telephone solicitation" to a "residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations." A telephone solicitor is not liable under § 64.1200(c)(2) for initiating a telephone solicitation as long as the solicitor first obtains the registrant's "prior express invitation or permission" to initiate a telephone solicitation. *Id*. § 64.1200(c)(2)(ii). "Such permission must be evidence by a signed, written agreement" between the would-be solicitor and the registrant. *Id*.

The FCC has determined that telemarketers may "obtain prior express written consent using any medium or format permitted by the E-Sign Act," including "email, website form, text message, telephone keypress, or voice

recording." In the Matter of Rules & Regulations Implementing the Tel. Consumer

Prot. Act of 1991, 27 FCC Rcd. 1830, 1844 (Feb. 15, 2012). The written agreement

must include a "clear and conspicuous disclosure" informing the registrant that

"[b]y executing the agreement," he or she agrees to receive telemarketing calls. 47

C.F.R. § 64.1200(f)(8)(i). A disclosure qualifies as "clear and conspicuous" if it

"would be apparent to the reasonable consumer, separate and distinguishable from

the advertising copy or other disclosures." *Id*. § 64.1200(f)(3). *Morris v.*

*Modernize, Inc*., No. AU-17-CA-00963-SS, 2018 WL 7076744, at *1 (W.D. Tex.

Sept. 27, 2018).

Plaintiff argues he did not provide his telephone number, nor did he sign the

agreement to receive text messages, therefore there is no compliance with the prior

written consent requirement to receive text messages. The notice through which

Plaintiff started receiving the text messages provides:

By signing up via text, you agree to receive recurring automated
promotional and personalized marketing text messages…from Replacements, Ltd.
at the cell number used when signing up. Consent is not a condition of any
purchase. Reply HELP for help and STOP to cancel. Msg frequency varies. Msg
and data rates may apply. View <u>Terms</u>, <u>Privacy</u> & <u>Promo Details.</u> (underlined items
are Hyperlinks to further terms, privacy statements and promotional details).

The hyperlinked Terms and conditions provides:
GENERAL TERMS AND CONDITIONS: By providing your phone number
and opting in, you are enrolling in Replacements, Ltd.'s ("Replacements")
Text Messaging Service (the "Service")band agreeing and accepting the
following Terms and Conditions, which become effective upon
your enrollment. You understand and agree that providing your phone
number and opting in constitutes your valid and binding signature.

When you opt in, you are giving your express written consent to participate in the Service and a certification that you are age 18 or older. If we become aware that a child under 13 has provided or attempted to provide us with personal information, we will use our best efforts to remove the information permanently from our files.

Courts considering the sufficiency of this type of consent have found it sufficient to satisfy the signature and phone disclosure requirements. "T]he FCC has determined that "persons who knowingly release their phone numbers have in effect given their invitation or permission to be called at the number which they have given, absent instructions to the contrary." *Murphy v. DCI Biologicals Orlando, LLC*, No. 6:12-CV-1459-ORL, 2013 WL 6865772, at *9 (M.D. Fla. Dec. 31, 2013), aff'd, 797 F.3d 1302 (11th Cir. 2015); *see also, Beard v. John Hiester Chevrolet, LLC,* 640 F. Supp. 3d 420, 431 (E.D.N.C. 2022). By providing his cell phone number and agreeing to receive text messages in accordance with the disclosures contained in Defendant's advertisement, Plaintiff gave his prior written consent to receive text messages.

With respect to Count II, in his Response in Opposition to the Motion, Plaintiff argues that consent is not a defense to a claim under 47 C.F.R. § 64.1200(d). As Defendant correctly argues, Plaintiff's FAC fails to claim that Plaintiff revoked his previous consent such that he should be added to Defendant's internal do not call list. Count II of the FAC is clearly brought on a theory of no

prior written consent and cannot now be changed to a theory of revoking consent through his Response to the Motion.

## Conclusion

 For the foregoing reasons, Defendant's Motion to Dismiss will be granted. Considering the FAC and the documents necessarily embraced by it, Plaintiff has failed to state claims upon which relief may be granted.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss [Doc. No. 23] is **GRANTED**, and plaintiff's claims are dismissed.

A separate Order of Dismissal is entered this same date.

Dated this 25th day of March 2024.


_____

HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE